NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 15-220

ST. LANDRY HOMESTEAD FEDERAL SAVINGS BANK

VERSUS

HUBERT VIDRINE, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-5310-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

**********

PHYLLIS M. KEATY

JUDGE

**********

Court composed of Judges Marc T. Amy, Phyllis M. Keaty, and D. Kent Savoie.

APPEAL DISMISSED.

Savoie, J., dissents and assigns reasons.

David J. Ayo
James Huey Gibson
Allen & Gooch
Post Office Box 81129
Lafayette, LA 70598-1129
(337) 291-1450
COUNSEL FOR PLAINTIFF/APPELLEE:
    St. Landry Homestead FederalSavings Bank

**H. Kent Aguillard**
**Post Office Drawer 391**
**Eunice, LA 70535-0391**
**(337) 457-9331**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **St. Landry Homestead FederalSavings Bank**

**Cliffe Edward Laborde, III**
**Mathook & LaFleur**
**600 Jefferson St., 10th Floor**
**Post Office Box 3009**
**Lafayette, LA 70501**
**(337) 266-2303**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Vidrine Estates, LLC**
     **Hubert Vidrine**
     **Tammy Vidrine**

**Gary T. Cornwell**
**The Cornwell Law Firm**
**12314 Hawthorne Drive**
**Montgomery, TX 77356**
**(936) 448-7789**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Vidrine Estates, LLC**
     **Hubert Vidrine**
     **Tammy Vidrine**

**KEATY, Judge.**

The appellee, St. Landry Homestead Federal Savings Bank, filed a Motion to Dismiss Devolutive Appeal, asserting therein that the appeal should be dismissed as having been taken from a non-appealable judgment. For the reasons below, we hereby dismiss the appeal.

The appellee filed exceptions of no cause of action, prescription, and no right of action. On November 13, 2014, the trial court sustained the appellee's exception of no cause of action as to the appellants' claims of fraud and breach of contract and sustained the exception of prescription as to the appellants' duress claim, dismissing these claims with prejudice. The trial court, however, overruled the appellee's exception of no cause of action as to appellants' claim of tortious interference with business relations. Notice of judgment was issued on November 19, 2014.

On January 20, 2015, the appellants motioned the trial court for a devolutive appeal, which was granted. The record was subsequently received and lodged in this court. A Motion Dismiss Devolutive Appeal was received from the appellee on March 23, 2015. The appellee states therein that the appeal should be dismissed because the judgment is not a final judgment as defined by La.Code Civ.P. art. 1915(B).

The judgment appealed does not dispose of all the claims and rights of the parties. Further, the trial court did not designate the judgment as immediately appealable after an express determination that there is no just reason for delay; thus, the judgment is not appealable. La.Code Civ.P. art. 1915(B). Accordingly, we grant the motion and dismiss the appeal at appellants' cost, without prejudice.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.

Rule 2-16.3 Uniform Rules, Court of Appeal.

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**15-220**

**ST. LANDRY HOMESTEAD**
**FEDERAL SAVINGS BANK**

**VERSUS**

**HUBERT VIDRINE, ET AL.**

**SAVOIE, Judge, dissenting:**

I must respectfully dissent from the majority's decision. In the interest of judicial efficiency, I would set the matter for hearing to give the appellant time to obtain an order certifying the judgment at issue as final in accordance with La.Code Civ. P. art. 1915(B). Otherwise, this matter may end up before us again if such certification is later obtained, or, the matter may go to trial without any evidence being admitted on the claims that were dismissed. If the matter is then appealed following trial, and we later conclude that dismissal of those claims was improper, the matter may be remanded for another trial. One trial seems more efficient.

ST. LANDRY HOMESTEAD
FEDERAL SAVINGS BANK

VERSUS

HUBERT VIDRINE, ET.AL.

**SAVOIE, Judge, dissenting:**

I must respectfully dissent from the majority's decision. In the interest of judicial efficiency, I would set the matter for hearing to give the Appellant time to obtain an order certifying the judgment at issue as final in accordance with La.Code Civ. P. art. 1915(B). Otherwise, this matter may end up before us again if such certification is later obtained, or, the matter may go to trial without any evidence being admitted on the claims that were dismissed. If the matter is then appealed following trial, and we later conclude that dismissal of those claims was improper, the matter may be remanded for another trial. One trial seems more efficient.